1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,                    )    No. C 07-6109 MJJ (PR)
                                        )
            Plaintiff,                  )    **ORDER OF DISMISSAL**
                                        )
    v.                                  )
                                        )
KOBE BRYANT, et al.,                    )
                                        )
            Defendants.                 )
_____ )

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Kobe Bryant and Phil Jackson.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff claims that defendants Kobe Bryant and Phil Jackson, a player and coach for the Los Angeles Lakers basketball team cheated by using steroids and spying on opponents.

G:\PRO-SE\MJJ\CR.07\riches48.dsm.wpd

1    Plaintiff seeks, inter alia, a restraining order "forbidding the winning of the Lakers 2000-

2    2001 season against the Philadelphia Sixers."  Defendants are private individuals that do not

3    act under color of state law, an essential element of a § 1983 action.   See Gomez v. Toledo,

4    446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered

5    under § 1983.   See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert.

6    denied, 421 U.S. 949 (1975).  Accordingly, plaintiff has failed to state a cognizable claim for

7    relief under § 1983.

8         For the foregoing reasons, this action is DISMISSED.

9         The Clerk shall close the file.

10         IT IS SO ORDERED.

11    DATED: December 20, 2007                    _____

12                                                MARTIN J. JENKINS
                                                  United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

G:\PRO-SE\MJJ\CR.07\riches48.dsm.wpd        2